IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
March 11, 2003 Session

**TERON MCKENLEY v. STATE OF TENNESSEE**

**Direct Appeal from the Circuit Court for Rutherford County**
**No. 51739    James K. Clayton, Jr., Judge**

_____

**No. M2002-01892-CCA-R3-PC - Filed April 1, 2003**

_____

The petitioner, Teron McKenley, appeals the denial of his petition for post-conviction relief. He originally pled guilty to especially aggravated robbery, aggravated burglary, and theft over $1,000 and received an effective sentence of fifteen years. He contends the post-conviction court erred in disallowing the introduction of the victim's medical records at his post-conviction hearing and in failing to find that ineffective assistance of counsel led to an involuntary guilty plea. We affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOE G. RILEY, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and ALAN E. GLENN, J., joined.

John H. Baker, III, Murfreesboro, Tennessee, for the appellant, Teron McKenley.

Paul G. Summers, Attorney General and Reporter; Christine M. Lapps, Assistant Attorney General; William C. Whitesell, Jr., District Attorney General; and John W. Price, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The petitioner was indicted by the Rutherford County Grand Jury for the following offenses: especially aggravated robbery, attempted aggravated robbery, theft over $1,000, aggravated burglary, another theft over $1,000, and four counts of contributing to the delinquency of a minor. In exchange for the petitioner's plea of guilty to especially aggravated robbery, one count of theft over $1,000, and aggravated burglary, the state agreed to dismiss all other charges. The parties further agreed to concurrent sentences of fifteen years for especially aggravated robbery, three years for theft over $1,000, and three years for aggravated burglary.

It is undisputed that the especially aggravated robbery conviction was based upon the petitioner's shooting the victim in the leg during a robbery on November 24, 1999. During the guilty plea submission hearing, the petitioner acknowledged, in response to questioning by the trial court, that he had agreed to the fifteen-year sentence at "100%." Trial counsel also questioned the

petitioner. The petitioner stated he understood that if he were found guilty of especially aggravated robbery, the presumptive sentence would be the mid-range sentence of twenty years. The petitioner also acknowledged that he and trial counsel had discussed whether the victim suffered "serious bodily injury" so as to make the offense especially aggravated robbery as opposed to aggravated robbery. *See* Tenn. Code Ann. §§ 39-13-402(a)(1), -403(a).[1] The petitioner acknowledged that the state would be required to show either a substantial risk of death or extreme physical pain, and he assumed the victim was in extreme physical pain when he was shot. *See id.* § 39-11-106(a)(34)(A), (C). The petitioner agreed that the jury would probably find him guilty of especially aggravated robbery. The petitioner further acknowledged that he gave his attorney the authority to go to the attorney general and offer a sentence of fifteen years.

## POST-CONVICTION HEARING

The petitioner timely filed a petition for post-conviction relief alleging ineffective assistance of counsel led to an involuntary guilty plea. Trial counsel testified at the post-conviction hearing that the state had offered an effective sentence of seventeen years, and the petitioner offered to plead guilty for fifteen years. He testified he had extensive discussions with the petitioner as to the definition of "serious bodily injury" and gave him a copy of State v. Sims, 909 S.W.2d 46 (Tenn. Crim. App. 1995), which contained an analysis of "serious bodily injury." *Id.* at 49-50. Trial counsel stated the petitioner was aware of this issue and further understood that by pleading guilty under the plea agreement, other unrelated charges would be dismissed. The petitioner further understood he would not run the risk of consecutive sentencing which could result in a sentence exceeding fifteen years in the event he went to trial. However, trial counsel conceded he did not have the victim's medical records when he discussed the issue of "serious bodily injury" with the petitioner.

The petitioner testified that trial counsel did not provide him with the victim's medical records prior to the guilty plea. The petitioner contended that the medical records reflect that the victim did not suffer serious bodily injury; therefore, he would not have pled guilty to especially aggravated robbery, a 100% offense, had he known of the medical records. *See* Tenn. Code Ann. § 40-35-501(i)(2)(E) (designating especially aggravated robbery as an offense requiring 100% of the sentence to be served).

The post-conviction court noted that the victim did not testify at the post-conviction hearing; thus, it was unable to conclude that the victim did not have serious bodily injury. The post-conviction court otherwise found the petitioner was aware of this issue at the time of the plea and made an "informed" choice to enter the plea. The post-conviction court denied relief.

---

[1] Aggravated robbery is a robbery with either a deadly weapon or serious bodily injury. Tenn. Code Ann. § 39-13-402(a). Especially aggravated robbery requires both a deadly weapon and serious bodily injury. *Id.* § 39-13-403(a).

## STANDARD OF REVIEW

When a claim of ineffective assistance of counsel is made under the Sixth Amendment, the burden is upon the complaining party to show (1) that counsel's performance was deficient, and (2) the deficiency was prejudicial in terms of rendering a reasonable probability that the result of the trial was unreliable or the proceedings fundamentally unfair. *See* Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984). In Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975), our supreme court required that the services be rendered within the range of competence demanded of attorneys in criminal cases. In reviewing counsel's conduct, a "fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Strickland, 466 U.S. at 689, 104 S. Ct. at 2065; s*ee* Nichols v. State, 90 S.W.3d 576, 587 (Tenn. 2002).

It is unnecessary for a court to address deficiency and prejudice in any particular order, or even to address both if the petitioner makes an insufficient showing on either. Strickland, 466 U.S. at 697, 104 S. Ct. at 2069. In order to establish prejudice, the petitioner must establish a "'reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" State v. Burns, 6 S.W.3d 453, 463 (Tenn. 1999) (quoting Strickland, 466 U.S. at 694, 104 S. Ct. at 2068) (citations omitted).

In Hill v. Lockhart, 474 U.S. 52, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985), the Supreme Court applied the two-part Strickland standard to ineffective assistance of counsel claims arising out of a guilty plea. The Court in Hill modified the prejudice requirement by requiring a petitioner to show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. 474 U.S. at 59, 106 S. Ct. at 370; *see also* Nichols, 90 S.W.3d at 587.

The petitioner bears the burden of proving the factual allegations that would entitle the petitioner to relief by clear and convincing evidence. Tenn. Code Ann. § 40-30-210(f). We review the post-conviction court's factual findings underlying a claim of ineffective assistance of counsel under a *de novo* standard with a presumption that those findings are correct – unless the preponderance of the evidence establishes otherwise. Burns, 6 S.W.3d at 461. However, the post-conviction court's conclusions of law – such as whether counsel's performance was deficient or whether that deficiency was prejudicial – are reviewed under a *de novo* standard with no presumption of correctness. Fields v. State, 40 S.W.3d 450, 457 (Tenn. 2001).

## VICTIM'S MEDICAL RECORDS

The petitioner first contends the post-conviction court erred in refusing to allow into evidence the victim's medical records, consisting of approximately fifty pages. However, the post-conviction court allowed the petitioner to introduce the records as an offer of proof; thus, we have them for review. It was the petitioner's contention that the records would establish that the victim's gunshot wound did not create a substantial risk of death and did not result in extreme physical pain.

The post-conviction court concluded the medical records were not relevant to the issue of whether the petitioner made an informed plea of guilty.

We agree with the petitioner that the post-conviction court erred in refusing to allow the admission of the medical records into evidence. "Serious bodily injury" is an element of especially aggravated robbery. *See* Tenn. Code Ann. § 39-13-403(a)(2). "A substantial risk of death" or "extreme physical pain" qualifies as "serious bodily injury." *See id.* § 39-11-106(a)(34)(A), (C). The petitioner had the burden of establishing that the failure of trial counsel to review the medical records was prejudicial. *See* <u>Strickland</u>, 466 U.S. at 687. The medical records were relevant to the issue of whether the victim had serious bodily injury and, thus, whether the petitioner would have entered his guilty plea had he been aware of the medical records. *See* <u>Hill</u>, 474 U.S. at 59.

Nevertheless, we conclude the failure to admit the medical records into evidence was harmless. In our view, the medical records do not establish that the victim did not suffer "serious bodily injury" as a result of the gunshot wound. The records reflect that the victim complained of "pain right there around the gunshot wound." The victim remained in the hospital for several hours after his initial treatment in the emergency room. Although the record reflects that he "may use Extra-Strength Tylenol or Advil as needed for pain" upon his discharge, the record also reflects that he was prescribed "OXYCODONE\APAP CAP 1-2 TYLOX PO 1-2 CAP PRN EVERY 3 TO 4 HOURS AS NEEDED PRN PAIN" to begin "0600 11/24" and stop "0559 11/29." Thus, this medication was prescribed for use over a period of five days. The discharge instruction reflects a prescription for "Tylox" and to "take as directed." Tylox is an oxycodone prescribed for moderate to moderately severe pain. *Monthly Prescribing Reference* 250 (Jan. 2003). Oxycodone is a narcotic opium derivative and is a Schedule II controlled substance. *See* Tenn. Code Ann. § 39-17-408(b)(1)(N). In short, the records do not establish that the victim was not in extreme physical pain. The petitioner was not prejudiced by the failure to admit the medical records into evidence.

## INEFFECTIVE ASSISTANCE OF COUNSEL

The petitioner contends that trial counsel was ineffective by not reviewing these medical records prior to advising the petitioner concerning the guilty plea. We need not address the issue as to whether trial counsel was deficient if we determine the petitioner has not satisfied the prejudice prong of <u>Strickland</u>. <u>Goad v. State</u>, 938 S.W.2d 363, 370 (Tenn. 1996). As stated, in order to establish prejudice, the petitioner must show that he would not have entered his guilty plea had he been aware of the contents of the medical records. *See* <u>Hill</u>, 474 U.S. at 59.

We are unable to conclude that trial counsel is necessarily deficient if counsel does not review a gunshot victim's medical records prior to advising a defendant concerning a guilty plea to an offense requiring serious bodily injury. For example, "extreme physical pain" can be established without the necessity of reliance upon medical records. However, we do recognize that this court has held that a gunshot wound to the leg does not, per se, establish that the injuries were "particularly great." *See* <u>State v. Eric Dewayne McElmore</u>, No. 03C01-9802-CR-00056, 1999 Tenn. Crim. App. LEXIS 469, at *9 (Tenn. Crim. App. May 14, 1999, at Knoxville) (holding a gunshot wound to the leg does not necessarily result in serious bodily injury in the context of enhancement factor (6), that the injuries were "particularly great" under Tennessee Code Annotated section 40-35-

114(6) (1997)), *perm. to app. denied* (Tenn. 1999). Regardless, we need not determine whether trial counsel was deficient. Here, the petitioner has failed to establish prejudice.

We conclude the petitioner has failed to establish prejudice for three reasons. First, had trial counsel thoroughly examined the medical records, he would have discovered the victim suffered substantial pain and was prescribed a narcotic pain medication as a result of the gunshot wound. It is highly unlikely trial counsel's advice would have been any different. Accordingly, it is highly unlikely the petitioner would not have pled guilty under these circumstances. We note that the plea agreement provided for a minimum fifteen-year sentence for especially aggravated robbery, whereas, if the petitioner were convicted at a trial, the presumptive sentence would be twenty years. *See* Tenn. Code Ann. §§ 39-13-403(b), 40-35-112(a)(1), -35-210(c). In addition, the other two sentences ran concurrently with the fifteen-year sentence and additional charges were dismissed.

Second, as noted by the post-conviction court, the petitioner failed to present the testimony of the victim at the post-conviction hearing. Thus, there is no showing that the victim did not suffer extreme physical pain as a result of being shot. The petitioner stated at his guilty plea hearing that he assumed the victim experienced extreme physical pain. This was a reasonable assumption, and nothing has been established to the contrary.

Third, as we have previously stated, the medical records do not reveal that the victim did not suffer extreme physical pain.

Accordingly, the petitioner has failed to establish the prejudice prong of his ineffective assistance of counsel claim; namely, that he would not have pled guilty if trial counsel had examined the victim's medical records. This issue is without merit.

## VOLUNTARY GUILTY PLEA

Finally, the petitioner contends his guilty plea was involuntary and unknowing because of trial counsel's failure to properly investigate the medical records. Our supreme court has stated the following:

> The cases of Boykin v. Alabama and State v. Mackey are the landmark constitutional cases for analyses of guilty pleas. Boykin v. Alabama, 395 U.S. 238, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969) (federal standard); State v. Mackey, 553 S.W.2d 337 (Tenn. 1977) (state standard). In Boykin, the United States Supreme Court held that before a trial judge can accept a guilty plea, there must be an affirmative showing that it was given intelligently and voluntarily. *Id.* at 242, 89 S. Ct. at 1711, 23 L. Ed. 2d at 279. In order to find that the plea was entered "intelligently" or "voluntarily," the court must "canvass[ ] the matter with the accused to make sure he has a full understanding of *what the plea connotes* and *of its consequences.*" *Id.* at 244, 89 S. Ct. at 1712, 23 L. Ed. 2d at 280 (emphasis added).

Likewise, in <u>Mackey</u>, this Court held that "the record of acceptance of a defendant's plea of guilty must affirmatively demonstrate that his decision was both voluntary and knowledgeable, i.e., that he has been made aware of the significant consequences of such a plea . . . ." 553 S.W.2d at 340.

<u>State v. Pettus</u>, 986 S.W.2d 540, 542 (Tenn. 1999).

The petitioner was thoroughly questioned not only by the trial court but also by trial counsel at the time of the plea. It was the petitioner who made the offer to the state to plead guilty for the fifteen-year sentence. He acknowledged his understanding of what evidence would be required to establish the "serious bodily injury" element of especially aggravated robbery. *See* Tenn. Code Ann. §§ 39-11-106(a)(34), -13-403(a)(2). The petitioner's plea was knowing and voluntary. This issue lacks merit.

## CONCLUSION

Based upon our examination of the record, we affirm the judgment of the post-conviction court.

_____

JOE G. RILEY, JUDGE